17-3383-cv
Greathouse v. JHS Security Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 23rd day of  August, two thousand eighteen.

Present:    JON O. NEWMAN,
            ROSEMARY S. POOLER,
                    *Circuit Judges.*
            DENISE COTE,[1]
                    *District Judge.*

_____

DARNELL GREATHOUSE,

                    *Plaintiff-Appellant,*

            v.                                          17-3383-cv

JHS SECURITY INC., MELVIN WILCOX,

                    *Defendants-Appellees.*

_____

Appearing for Appellant:    Penn A. Dodson, AndersonDodson, P.C., New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Engelmayer, *J.*).

_____

[1] Judge Denise Cote, United States District Court for the Southern District of New York, sitting by designation.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Darnell Greathouse appeals from the September 20, 2017 opinion and order, and the September 25, 2018 judgment, of the United States District Court for the Southern District of New York (Engelmayer, *J.*) awarding him $28,768.05 in attorneys' fees and $569.62 in costs for his claims of illegal retaliation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and New York Labor Law ("NYLL"), N.Y. Lab. Law § 190 et seq. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On appeal, Greathouse argues that the district court committed legal error in declining to award fees on a flat-fee basis. A district court is granted "considerable discretion in determining what constitutes reasonable attorney's fees in a given case, mindful of the court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters. A fee award will not be disturbed absent an abuse of discretion." *Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31, 64 (2d Cir. 2014) (internal quotation marks and citations omitted).

The district court did not abuse its direction in awarding fees based on the lodestar, rather than on a flat-fee basis. The lodestar is the "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany and Albany Cty. Bd. of Election*s, 522 F.3d 182, 183 (2d Cir. 2008). We need not address the issue of whether awarding fees on a flat-fee basis is ever appropriate. It suffices to say that it was not an abuse of discretion to decline to do so here.

We have considered the remainder of Greathouse's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk